Neil Goteiner (State Bar No. 083524)
C. Brandon Wisoff (State Bar No. 121930)
Kelly Matayoshi (State Bar No. 284596)
FARELLA BRAUN + MARTEL LLP
Russ Building, 17th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Petitioners DASTIME GROUP
LIMITED and KONSTANTIN GRIGORISHIN

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DASTIME GROUP LIMITED, a British Virgin Islands Company, and KONSTANTIN GRIGORISHIN, an individual,<br><br>                Petitioners,<br><br>    vs.<br><br>MOONVALE INVESTMENTS LIMITED, a British Virgin Islands Company, and PETER KIRITCHENKO, an individual,<br><br>                Respondent. | Case No.<br><br>**DASTIME GROUP LIMITED'S AND KONSTANTIN GRIGORISHIN'S PETITION TO CONFIRM FINAL ARBITRATION AWARD**<br><br>Date:<br>Time:<br>Courtroom:<br>Judge: Hon. |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

29730\5893168.3

Petition to Confirm Arbitration Award

## I.   <u>INTRODUCTION</u>

1.      Petitioners Dastime Group Limited and Konstantin Grigorishin ("Petitioners") seek to confirm an arbitration award under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), as implemented by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 201 *et seq.*  On October 21, 2013, Moonvale Investments Limited ("Moonvale"), as purported assignee of claims held by assignor Peter Kiritchenko ("Kiritchenko"), commenced a JAMS arbitration against Petitioners.  The basis for the arbitration was a contractual arbitration clause contained in a written June 28, 2006 agreement ("Agreement") between Petitioners and Moonvale's assignor Kiritchenko.  On March 14, 2014, Petitioners counter-claimed in the arbitration against Moonvale and cross-claimed against Kiritchenko.  The arbitration, involving foreign commercial businesses, assets, and parties, was conducted in San Francisco under JAMS International Rules by a sole arbitrator, retired judge Rebecca Westerfield, who issued a Final Corrected Award on March 24, 2017 ("Final Award").  *See* Declaration of Neil A. Goteiner ("Goteiner Decl.") at Ex. 1 (Final Award).[1]  The Final Award dismissed all of Moonvale's claims against Petitioners, found in favor of Petitioners on their counter- and cross-claims, and awarded Petitioners their reasonable fees and costs incurred in the arbitration.  Petitioners now seek to confirm that Final Award.

2.      The Agreement provides that the "award or other final determination of such arbitrator shall be final and binding upon the Parties.  Any award of the arbitrator may be executed in any court of competent jurisdiction."

3.      Confirmation of the Final Award is proper under the New York Convention and the FAA, both of which implement congressional policy favoring the resolution of disputes through arbitration.  Under both, the courts have little discretion to overturn an arbitral award.

## II.   THE PARTIES

4.      Petitioner Dastime Group Limited (a respondent in the arbitration) is a British Virgin Island ("BVI") company.

5.      Petitioner Konstantin Grigorishin (a respondent in the arbitration) is a Russian

---

[1] All exhibits referenced herein are to the Declaration of Neil A. Goteiner.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

29730\5893168.3

1    businessman who does business in Ukraine, and owns and controls Dastime Group Limited.

2          6.      Respondent Moonvale (a claimant in the arbitration) is a BVI company created

3    apparently for the sole purpose of bringing the arbitration against Petitioners, and is the assignee

4    of claims that Kiritchenko held.

5          7.      Respondent Kiritchenko (who notwithstanding his assignment of his claims to

6    Moonvale, retained a contingency interest in the outcome of the arbitration, thereby making him

7    effectively the second claimant) is a former Ukrainian businessman currently residing in the

8    United States.  In 2000, Kiritchenko pled guilty to U. S. felony charges (receipt of stolen property)

9    in the Northern District of California arising from his involvement in an international extortion

10   and money laundering scheme involving Kiritchenko's boss, former Ukrainian Prime Minister

11   Pavlo Lazarenko.  Kiritchenko received lenient treatment in return for his testimony, for pleading

12   guilty to a felony, and for his cooperation with U.S. authorities against Lazerenko.  *See* Final

13   Award at 15.

14   **III.     JURISDICTION AND VENUE**

15         8.      Jurisdiction in this Court is proper under 9 U.S.C. § 203, which states that the

16   United States district courts, "shall have original jurisdiction" over an action that falls under the

17   New York Convention.  This action falls under the New York Convention as it concerns an

18   "arbitral award arising out of a legal relationship . . . which is considered as commercial" and is

19   not an "award arising out of such a relationship which is entirely between citizens of the United

20   States." 9 U.S.C. § 202.  In addition, the parties' "relationship involves property located abroad,

21   envisages performance or enforcement abroad, or has some other reasonable relation with one or

22   more foreign states."  *Id.*  It is beyond dispute that the parties' relationship is commercial and that

23   it is not entirely between citizens of the United States.  Indeed, Petitioners believe that no party is

24   a U.S. citizen:  Petitioners and Moonvale are foreign citizens; while Kiritchenko is a U.S. resident,

25   Petitioners do not believe that he is a U.S. citizen based on his sworn declaration in this matter in

26   which he denied U.S. citizenship.  *See*  Goteiner Decl. at ¶ 2.  Furthermore, the claims all involved

27   disputes over ownership of various BVI holding companies used to make investments *inter alia* in

28   Ukrainian energy distribution and metallurgy companies.  *See* Ex. 1, Final Award at 14.  In

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

3                                          29730\5893168.3
Petition to Confirm Arbitration Award

addition, Petitioners envision that they will need to enforce collection efforts abroad given that any Moonvale assets, and those of its alter egos and aiders and abettors, are outside the United States. Because of the international nature of this arbitration, JAMS conducted it under JAMS International Rules.  Ex.1, Final Award at 5 and fn. 2.

9.      Venue in this Court is proper pursuant to 9 U.S.C. § 204 because this is the Court for the "district and division which embraces the place designated in the agreement as the place of arbitration."  The Agreement states that the arbitration "shall be conducted in San Francisco, California," and it was so conducted.

## IV.    STATEMENT OF FACTS

10.     Prior to the arbitration, Petitioners had no relationship with Moonvale, the purported "Claimant" in the arbitration.  Petitioners still are unaware of all the persons who are actually behind Moonvale.  Moonvale claims to have taken an assignment from Kiritchenko of claims Kiritchenko supposedly had against Petitioners arising from the June 28, 2006 Agreement between Petitioners and Kiritchenko.  *See* Goteiner Decl. Ex. 2 ("Agreement").  Under the Agreement, Kiritchenko received $14.5 million for selling his claimed ownership interests in Petitioners' businesses and releasing all claims against Petitioners related to those businesses.  *Id.* The Agreement required Kiritchenko to keep its existence and terms confidential and to support Petitioners' claim to 100% ownership of the businesses.  *Id.*  The Agreement also has a San Francisco JAMS arbitration clause.  *Id.*

11.     Some *seven years later* in 2013, Kiritchenko and other unknown foreign backers hatched a scheme to take illegitimate advantage of the arbitration provision by asserting claims to Petitioners' businesses (claims that Kiritchenko had sold and released in the Agreement).  Under this scheme, Kiritchenko sold confidential documents and assigned any claims concerning Petitioners' businesses and the Agreement to Moonvale, a BVI corporate shell apparently created solely to bring the arbitration against Petitioners.  Moonvale then filed the arbitration in its corporate shell name claiming that Petitioner Grigorishin duped Kiritchenko into entering the Agreement – a $14.5 million Agreement negotiated by his sophisticated counsel.  Anticipating the obvious statute of limitations defense, Moonvale claimed delayed discovery and tolling for

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

4

29730\5893168.3

Petition to Confirm Arbitration Award

1   fraudulent concealment, asserting that Kiritchenko did not learn of the relevant facts giving rise to

2   his claims until December 2010 (just barely within the three-year California limitations period for

3   fraud given the October 2013 arbitration filing date). Thus Moonvale, as Kiritchenko's assignee,

4   claimed that it should be allowed to rescind the seven year old release and to claim a 50% interest

5   in Petitioners' businesses.

6       12.   Pursuant to Paragraph 10 of the Agreement, on October 21, 2013, Moonvale filed

7   its arbitration against Petitioners in San Francisco JAMS.  Petitioners successfully petitioned

8   JAMS to rule that the arbitration was "international" and thus  subject to JAMS International

9   Arbitration Rules and to add Kiritchenko as a cross-respondent.  *See* Ex. 1, Final Award at 5-6.

10  JAMS assigned Judge Westerfield (Ret.) as the Arbitrator.

11      13.   Paragraph 10 of the Agreement further states that, "the award or other final

12  determination of such arbitrator shall be final and binding upon the Parties.  Any award of the

13  arbitrator may be executed in any court of competent jurisdiction. . . . For the purposes of

14  enforcing this arbitration clause, or enforcing any arbitration award, the Parties consent to the

15  jurisdiction and venue in the state and federal courts located in California.  The award of the

16  arbitrator shall also be enforceable in any court having jurisdiction over the Parties against whom

17  the award has been rendered, or where assets of such Party are located, and the Parties waive any

18  objection to the action based upon lack of jurisdiction or inconvenient forum."

19      14.   The arbitration was hard-fought and costly, spanning over three years.  The parties

20  engaged in a lengthy and contentious discovery process, resulting in multiple motions to compel,

21  numerous conference calls with Judge Westerfield, and an in-person discovery hearing.  *See*

22  Goteiner Decl. at ¶ 3.  Over 60,000 pages of documents, most of which required translation, were

23  produced.  *Id.*

24      15.   On September 9, 2015, after many disputes and delays, and after Moonvale's

25  counsel (Morrison & Foerster) abruptly withdrew the same day it finally produced withheld

26  documents extremely damaging to Moonvale's "delayed discovery" position, Judge Westerfield

27  bifurcated the arbitration pursuant to JAMS International Rule 20, granting an evidentiary hearing

28  to decide the dispositive issue of whether all of Moonvale's claims were barred by the statute of

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

5

29730\5893168.3

Petition to Confirm Arbitration Award

1  limitations.  *See* Ex. 1, Final Award at 6-7.  Petitioners, while disputing that they had engaged in

2  any fraudulent inducement with respect to the Agreement, argued that their statute of limitations

3  defense was in any event dispositive because Kiritchenko was undeniably on legal notice – even

4  before entering the Agreement – of the facts he claimed were misrepresented or suppressed.  Thus,

5  any and all applicable statutes of limitation had long expired before Kiritchenko (through

6  Moonvale) asserted claims some seven years later in 2013.

7        16.     Both parties submitted extensive written pre-hearing briefing and evidence.  An in-

8  person hearing was held at JAMS from December 7-8, 2015.  Three people testified at the hearing:

9  Kiritchenko, Kiritchenko's attorney Mr. Stan Roman, and former managing director of the alleged

10  joint business Alexander Vartanyan.  Both Kiritchenko and Vartanyan, as Moonvale witnesses,

11  had contingency interests in any arbitration award to Moonvale.  Moonvale and Kiritchenko

12  objected to Petitioners' refusal to present Grigorishin and Igor Kuida, Grigorishin's business

13  partner, as witnesses.  But the Arbitrator ruled that testimony was unnecessary because she was

14  assuming for the purposes of the bifurcated hearing, and resolution of Petitioners' statute of

15  limitations defense, that Petitioners made the alleged misrepresentations and omissions.  Thus, the

16  only issue to be decided was whether – notwithstanding any such assumed misrepresentations and

17  omissions – Kiritchenko (and thus Moonvale standing in his shoes as assignee) was already on

18  sufficient legal notice of the claims from other sources prior to the running of the statute of

19  limitations period.  Following the hearing, the parties submitted written post-hearing briefing.  *Id.*

20  at 7.

21        17.     On March 14, 2016, Judge Westerfield issued an Interim Award dismissing all of

22  Moonvale's claims against Petitioners.  The Arbitrator found that Kiritchenko was on legally

23  sufficient inquiry notice of Petitioners' alleged wrongdoing as of 2006, before he ever entered the

24  Agreement.  *Id.* at 25.  Indeed, the evidence showed that Kiritchenko and his counsel had

25  discussed possible agreements with third-parties in 2005-2006 to fund litigation against Petitioners

26  arising from the same events they claimed Kiritchenko was ignorant about until late 2010.  *Id.* at

27  17-20, 25-27, 35.  The Arbitrator thus dismissed all of Moonvale's causes of action since

28  Moonvale (standing in Kiritchenko's shoes) was bound by Kiritchenko's notice of the claims

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

6

29730\5893168.3

Petition to Confirm Arbitration Award

1    dating back to before the 2006 Agreement.

2         18.    Having dismissed all of Moonvale's claims, the Arbitrator was left to decide

3    Petitioners' counter- and cross-claims against Moonvale and Kiritchenko (*e.g.*, for breach of

4    contract and interference with contractual relations), as well as Petitioners' entitlement to

5    attorneys' fees and costs.  All parties agreed to submit these issues to the Arbitrator on paper with

6    accompanying declarations and exhibits.  *Id.* at 8-9.  The parties further stipulated that all exhibits

7    and declarations submitted after December 2015 could be considered as evidence.  *Id.*  The issues

8    were fully briefed, and an oral argument was held on July 6, 2016.

9         19.    On September 6, 2016, Judge Westerfield issued a Second Interim Award granting

10   Petitioners' counter- and cross-claims against Moonvale and Kiritchenko for breach of contract

11   and intentional interference with contractual relations, and granting Petitioners' request for

12   reasonable costs and attorneys' fees.  In ruling, the Arbitrator found that Kiritchenko's core

13   assertion that he was not aware of these claims earlier and that he was relying on Petitioner

14   Grigorishin's valuation of the business was "preposterous" and "irrational."  *Id.* at 35.

15        20.    The parties subsequently briefed the amount of Petitioners' fees, with Moonvale

16   and Kiritchenko submitting a single-spaced 41-page expert report (excluding exhibits) challenging

17   Petitioners' attorneys' fees and costs, including Petitioners' attorneys' hourly rates.  Petitioners

18   deposed Respondents' expert and submitted his testimony to the Arbitrator.  On February 9, 2017,

19   Judge Westerfield entered the Final Award including her determination of attorneys' fees and

20   costs.  The parties submitted requests for clarification and corrections to the Final Award.  Judge

21   Westerfield held a telephonic hearing on the parties' various requests on March 14, 2017.  *Id.* at

22   10.

23        21.    On March 23, 2017, Judge Westerfield issued a Corrected Final Award that slightly

24   reduced the amount of the fees and costs awarded.  *See* Goteiner Decl. at Ex. 1 ("Final Award").

25   This Final Award provided $3,319,232.40 for Farella Braun + Martel LLP's attorneys' fees and

26   costs, $2,101,899.70 for Egorov Puginsky Afanasiev & Partners' attorneys' fees and costs, and

27   $279,000.00 for Petitioner Dastime Group Limited's costs.  The Final Award holds Respondents

28   Moonvale and Kiritchenko jointly and severally liable to Petitioners Dastime Group Limited and

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

7

Petition to Confirm Arbitration Award

29730\5893168.3

1  Konstantin Grigorishin for fees and costs totaling $5,700,132.10. *Id.* at 62-63. The Final Award

2  states that it is "subject to confirmation by a court of competent jurisdiction." *Id.* at 65.

3  **V.     ARGUMENT**

4        22.     The law governing the confirmation of arbitral awards is straightforward, and

5  implements the strong congressional policy favoring arbitration. This policy applies "with special

6  force in the field of international commerce." *Mitsubishi Motors Corp. v. Soler Chrysler—*

7  *Plymouth, Inc.,* 473 U.S. 614, 631 (1985).

8        23.     The FAA provides that within three years of an arbitral award falling under the

9  New York Convention, "any party to the arbitration may apply . . . for an order confirming the

10  award as against any other party to the arbitration." 9 U.S.C. § 207. Under Article IV of the New

11  York Convention, which is incorporated into Chapter 2 of the FAA, the petitioning party must

12  provide "[t]he duly authenticated original award or a duly certified copy thereof," and "[t]he

13  original agreement" or "a duly certified copy thereof." "The court shall confirm the award unless

14  it finds one of the grounds for refusal or deferral of recognition or enforcement of the award

15  specified in the said Convention." 9 U.S.C. § 207; *see Ministry of Def. of the Islamic Republic of*

16  *Iran v. Gould, Inc.*, 969 F.2d 764, 770 (9th Cir. 1992) (mandatory  language of the FAA leaves

17  the court with "little discretion").

18        24.     The New York Convention's grounds for refusing confirmation are limited to:  (1)

19  lack of capacity of a party or invalidity of the arbitration agreement; (2) lack of proper notice or

20  inability to present a case; (3) the award goes beyond the scope of the submission to arbitration;

21  (4) the composition of the arbitral tribunal or the arbitral procedures were not in accordance with

22  the parties' agreement or the applicable law; (5) the award has not yet become binding or has been

23  set aside by a competent authority; (6) the subject matter of the dispute is not capable of being

24  arbitrated; and (7) recognition of the award would be contrary to public policy of that country.

25  New York Convention, Article V. "[T]he party opposing confirmation" bears the burden of

26  proving that one of these narrow grounds applies. *Ministry of Def. of the Islamic Republic of Iran,*

27  969 F.2d at 770. These grounds "should be construed narrowly" in conformity with the

28  Convention's "general pro-enforcement bias." *Id.* (citations and internal quotations omitted).

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

8

29730\5893168.3

Petition to Confirm Arbitration Award

25.     Petitioners have met all requirements to confirm the Award here.  Petitioners provide as Exhibit 1 and 2 to the Goteiner Declaration duly certified copies of the 2006 Agreement containing the arbitration provision and the Final Award.  Furthermore, none of the statutory grounds for refusing to confirm an arbitration award under the New York Convention applies here. The Final Award was made pursuant to a valid arbitration agreement.  Each party was present throughout the arbitration and was able to present their case.  The Final Award was made in accordance with the terms and provisions of the Agreement.  The Final Award is final and enforceable, and the arbitration process and Arbitrator were in accordance with the Agreement. As such, this Court should confirm Petitioners' Final Award.

26.     The Arbitrator also properly awarded Petitioners attorneys' fees and costs as the prevailing party to the arbitration over the objections of Respondents Moonvale and Kiritchenko. As detailed in the Final Award, this was an international arbitration under the JAMS International Rules.  Ex. 1, Final Award at 38.  Under JAMS International Rules 34.1 (instructing the Tribunal to fix the arbitration costs in its award) and 34.4 (holding that arbitration costs consist of the "reasonable costs for legal representation of a successful party"), Petitioners were entitled to reasonable attorneys' fees and costs.  *Id.* at 39-40.  Furthermore, the Arbitrator found that under California Code of Civil Procedure Sections 1033.5(a)(10) and 1297.318, the rules for domestic and international arbitration respectively, attorneys' fees were recoverable.  *Id.*  The Arbitrator also thoroughly considered the amount of the award and the methodology of its determination, including Moonvale/Kiritchenko's fee expert's report and the expert's deposition, which discussion spans 19 pages of the Final Award.  *Id.* at 42-61.  As such, Petitioners ask that this Court confirm the Final Award.

27.     This Court also has discretion to award Petitioners post-award, pre-judgment interest.  *See Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc.*, 665 F.3d 1091, 1103 (9th Cir. 2011) ("federal law allows a district court to award post-award, prejudgment interest in actions under the New York Convention").  Here, despite having no valid reason to do so, Kiritchenko has indicated that he may oppose confirmation of the Final Award.  Absent an award of post-award interest, Kiritchenko as "the

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

9

29730\5893168.3

Petition to Confirm Arbitration Award

1  losing party in the arbitration has 'an incentive . . . to withhold payment'—a result contrary to the

2  purposes of the Convention." *Id.*

3         28.      Finally, Kiritchenko and Moonvale have indicated that they will oppose

4  confirmation of this Petition.  (Goteiner Decl. at ¶ 6, and Ex. 3 thereto).  Petitioners are therefore

5  entitled under California law to their attorneys' fees and costs spent on this Petition to confirm the

6  Final Award. "[A] contract provision that permits the recovery of fees in arbitration is broad

7  enough to include fees in related judicial proceedings, including an appeal from the judgment

8  confirming the award.  *Ajida Techs., Inc. v. Roos Instruments, Inc*., 87 Cal. App. 4th 534, 552

9  (2001).  Here, the Agreement incorporates the JAMS International Rules, which as set forth *infra*

10  at paragraph 25, permits attorneys' fees for the "reasonable costs for legal representation of a

11  successful party."  This court can properly decide the issue of attorneys' fees.  *See Acosta v.*

12  *Kerrigan*, 150 Cal. App. 4th 1124, 1130 (2007) ("it makes more sense to have the judge who

13  heard the petition to compel arbitration decide the fee award claim, too, rather than asking an

14  arbitrator to come up with a reasonable fee award specifically related to a motion he or she did not

15  hear or decide").

16         29.      In addition, Respondents' opposition to this Petition is in bad faith, for the reasons

17  set forth above.  In such situations, and under the New York Convention, the Ninth Circuit held

18  that "federal courts have authority to award attorney's fees when the losing party has acted in bad

19  faith, vexatiously, wantonly or for oppressive reasons."  *Id.* at 1104.  "[A]n unjustified refusal to

20  abide by an arbitrator's award may equate an act taken in bad faith, vexatiously or for oppressive

21  reasons."  *Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc. of*

22  *Arizona*, 84 F.3d 1186, 1192 (9th Cir. 1996).  As such, the Ninth Circuit in *Ministry of Defense*

23  *and Support* specifically rejected the argument that federal courts could not award attorneys' fees.

24  665 F.3d at 1104 ("we hold that federal law permits an award of attorney's fees in an action under

25  the Convention, as it does in other federal question cases).  On remand, the district court awarded

26  $131,083.50 in attorneys' fees, holding that the losing party's conduct amounted to an "unjustified

27  refusal to abide by an arbitrator's award" and "frivolous dilatory tactics."  *Ministry of Def. &*

28  *Support for Armed Forces of Islamic Republic of Iran v. Cubic Def. Sys., Inc*., No. 98-CV-1165-B

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

10

29730\5893168.3

Petition to Confirm Arbitration Award

1    DHB, 2013 WL 55828, at *6-7 (S.D. Cal. Jan. 3, 2013).  Other courts have followed the Ninth

2    Circuit's holding in awarding attorneys' fees spent confirming an award under the New York

3    Convention.  *See Concesionaria Dominicana de Autopistas y Carreteras, S.A. v. Dominican State*,

4    926 F. Supp. 2d 1, 3 (D.D.C. 2013) (awarding $324,932.76 in attorneys' fees and costs under the

5    New York Convention where the losing party simply ignored the arbitral award, which was found

6    to be "inherently unjustified and in bad faith"); *Swiss Inst. of Bioinformatics v. Glob. Initiative on*

7    *Sharing All Influenza Data*, 49 F. Supp. 3d 92, 99 (D.D.C. 2014) (awarding attorneys' fees

8    incurred in confirming the award).  Here, Respondents Moonvale and Kiritchenko have no valid

9    reason to oppose confirmation of the Final Award, and Petitioners should be granted any

10   attorneys' fees spent to enforce it.

11   **VI.    CONCLUSION**

12        30.    The Petition here has met all the requirements necessary for confirmation.  There is

13   no valid argument against confirming the award – the arbitration was conducted pursuant to the

14   terms of the parties' Agreement; all parties engaged in extensive discovery and briefing; the

15   arbitrator was fair and impartial, and heard and ruled upon all matters properly before her; the

16   parties were afforded the opportunity to present their case; and the arbitrator issued a well-

17   reasoned, final, and binding Final Award.  Respondents Moonvale and Kiritchenko have no

18   legitimate basis for opposing this Petition.  Petitioners request that the Final Award be confirmed

19   with post-award, pre-judgment interest, and that Petitioners be awarded their attorneys' fees and

20   costs if Respondents oppose confirmation.

21   Dated:  April 3, 2017                              Respectfully submitted,

22                                                      FARELLA BRAUN + MARTEL LLP

23

24

25                                                      By:*/s/ Neil Goteiner*_____
                                                          Neil Goteiner

26                                                      Attorneys for Petitioners,

27                                                      DASTIME GROUP LIMITED and
                                                        KONSTANTIN GRIGORISHIN

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

11                                29730\5893168.3
Petition to Confirm Arbitration Award