Neil Goteiner (State Bar No. 083524)
C. Brandon Wisoff (State Bar No. 121930)
Kelly Matayoshi (State Bar No. 284596)
FARELLA BRAUN + MARTEL LLP
Russ Building, 17th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480

Attorneys for Petitioners DASTIME GROUP
LIMITED and KONSTANTIN GRIGORISHIN

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DASTIME GROUP LIMITED, a British Virgin Islands Company, and KONSTANTIN GRIGORISHIN, an individual,<br><br>              Petitioners,<br><br>       vs.<br><br>MOONVALE INVESTMENTS LIMITED, a British Virgin Islands Company, and PETER KIRITCHENKO, an individual,<br><br>              Respondent. | Case No. 4:17-cv-01859-JSW<br><br>**DASTIME GROUP LIMITED'S AND KONSTANTIN GRIGORISHIN'S MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES FOR ALTERNATIVE SERVICE OF MOONVALE INVESTMENTS LIMITED**<br><br>Date:         June 2, 2017<br>Time:        9:00 a.m.<br>Courtroom: Courtroom 5 - 2nd Floor<br>Judge: Hon. Judge Jeffrey S. White |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

29730\5924446.3

Motion for Alternative Service

Petitioners Dastime Group Limited and Konstantin Grigorishin ("Petitioners") move this Court, pursuant to Federal Rule of Civil Procedure 4(f)(3), to authorize Petitioners to serve Moonvale Investments Limited ("Moonvale") through alternative means with the Petition to Confirm Final Arbitration Award, Summons, and other documents as required by Civil Local Rule 4-2.  Specifically, Petitioners request that they be authorized to serve Moonvale:  (1) via hand delivery through U.S. attorney Alexander Gruzman, who represented Moonvale in the underlying arbitration, but who suddenly claims not to have authority to represent Moonvale in this confirmation proceeding (even though he remains available to entertain a settlement proposal), and (2) through Moonvale's British Virgin Islands ("BVI") agent, TMF Ltd.

Rule 4(f)(3) permits the Court to authorize the Petitioners to serve Moonvale through alternative means, provided that the means are not prohibited by any international agreement and the methods comport with due process.  Petitioners' proposal serving Moonvale's attorney and its BVI agent by hand meets those requirements.

This motion is supported by a Memorandum of Points and Authorities and Declaration of Neil Goteiner that further detail the basis for this motion and a proposed order.

Dated:  April 24, 2017

Respectfully submitted,

FARELLA BRAUN + MARTEL LLP

By: */s/ Neil Goteiner*
Neil Goteiner

Attorneys for Petitioners,

DASTIME GROUP LIMITED and
KONSTANTIN GRIGORISHIN

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

29730\5924446.3

2
Motion for Alternative Service

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

Moonvale Investments Limited ("Moonvale") initiated an arbitration against Petitioners Dastime Group Limited and Konstantin Grigorishin ("Petitioners") in 2013, and having lost now seeks to delay award confirmation and frustrate collection by refusing service through its California attorney.  Moonvale is a BVI shell corporation and by service avoidance seeks to require Petitioners to use the expensive and drawn out Hague Convention.  This Court should reject such service gambits and instead permit alternative service through:  (1) Alexander Gruzman, the attorney who represented Moonvale in the underlying arbitration and until the moment he was about to be served with the Petition to Confirm Final Arbitral Award ("Petition") but who continued to represent Moonvale for settlement discussion, and (2) through personal service on Moonvale's designated agent in the British Virgin Islands.

On October 21, 2013, Moonvale initiated an arbitration against Petitioners at JAMS in San Francisco alleging intentional misrepresentation and fraudulent inducement, concealment, and negligent misrepresentation.  Moonvale was represented first by Gruzman's firm and later by Gruzman on his own.  Petitioners counter-claimed against Moonvale and also cross-claimed against Peter Kiritchenko, who had assigned his claims to Moonvale.  Moonvale is a BVI corporation that had been apparently acquired or created for the sole purpose of bringing these claims.  The JAMS arbitration resulted in a Final Corrected Award on March 24, 2017, awarding Petitioners' approximately $5.7 million in attorneys' fees and costs jointly and severally against Moonvale and Kiritchenko.  Until April 5, 2017, attorney Gruzman was representing Moonvale. He then claimed for the first time that he was not authorized to accept service of the confirmation petition or otherwise represent Moonvale in this action, but said that he was nonetheless authorized to discuss settlement.  *See* Declaration of Neil Goteiner ("Goteiner Decl.") at ¶ 2, Ex. 1 (e-mail correspondences between Goteiner and Gruzman).[1]  On April 3, 2017, Petitioners filed a

---

[1] On April 5, 2017, attorney Gruzman wrote:

> 1) I have not been retained as of yet to represent [Moonvale] and I'm not authorized to accept service at this time.  I would appreciate a courtesy copy of the petition once it's filed.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

3
Motion for Alternative Service

29730\5924446.3

Petition to Confirm Final Arbitration Award in the above-captioned lawsuit against Moonvale and Kiritchenko, and were issued a summons. Petitioners served Kiritchenko, through Kiritchenko's counsel in the JAMS arbitration, per agreement on April 6, 2017. *See* Dkt. No. 10.

Attorney Gruzman, however, informed Petitioners' counsel that he no longer represents Moonvale and he no longer had authority to accept Moonvale's Petition and Summons when served on April 6, 2017. *See* Goteiner Decl., at Ex. 1.

As Moonvale is a BVI company, absent this Court's permission, Petitioners must follow Federal Rule of Civil Procedure ("FRCP") 4(f) to serve Moonvale. Rather than serving Moonvale through the time-consuming Hague Convention which can take 4 months,[2] Petitioners ask that this Court permit service pursuant to FRCP 4(f)(3), "by other means not prohibited by international agreement, as the court orders." This is singularly appropriate since Moonvale was always well aware that the confirmation process started after the arbitration, and is simply trying to evade service leading to the predictable judgment and collection proceedings for Petitioners' attorneys' fees and Petitioners' crossclaim relief. Indeed, the Arbitrator found that Moonvale's core fraud theory was "as a matter of law, both 'preposterous' and 'irrational.'" *See* Ex. 1 to Declaration of Neil Goteiner in Support of Petition to Confirm Final Arbitration Award, Dkt. No. 1-2 (Corrected Final Award), at p. 35. Serving Moonvale through its attorney, Gruzman, and its BVI agent, TMF Ltd, will provide ample notice and due process to Moonvale of this follow-up Petition which Moonvale always knew was coming.

## II.   LEGAL ANALYSIS

Under FRCP 4(f)(3), a plaintiff may serve a foreign defendant by alternative methods, as long as the means are directed by the court and are not prohibited by an international agreement. The methods of service must also comport with due process and be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007,

---

2) Settlement is always a possibility. If you have a proposal, let me know.

[2] According to Process Service Network, formal service in the BVI can take as long as 4 months. *See* Process Service Network, Process Server in British Virgin Islands, http://www.processnet1.com/virgin_islands.htm.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

29730\5924446.3

1016 (9th Cir. 2002) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Service on foreign defendants under FRCP 4(f)(3) is one way to serve such a defendant, and attempted service through FRCP 4(f)(1) or (2) (allowing for service by any internationally agreed means or, if no internationally agreed means, a method reasonably calculated to give notice) first is not required.  Here, the Court should permit Petitioners to serve Moonvale through its arbitration attorney as well as its BVI agent.

First, Petitioners have already served Moonvale's attorney, Gruzman, via hand delivery as of April 6, 2017.  *See* Goteiner Decl. at Ex. 2 (Proof of Service).  Gruzman has been Moonvale's attorney since at least 2013 when Gruzman's law firm filed the arbitration claim.  *See* Goteiner Decl. at Ex. 3, p. 8 (Moonvale's Statement of Claim).  And throughout the arbitration proceedings and after the December 2015 hearing, Moonvale was always aware that there would probably be post-arbitration proceedings – specifically the Petition to Confirm.  Here, Moonvale has also been aware that Petitioners would be pursuing post-arbitration collection efforts and efforts to pierce Moonvale's corporate veil.  Even during the arbitration,  Petitioners sought to establish Moonvale's alter ego and to preserve Moonvale assets for collection.  Petitioners submitted to Moonvale and the Arbitrator an April 20, 2016 letter requesting alter ego discovery from Moonvale and a July 7, 2016 Amended Emergency Application for Interim Award Requiring Deposit of Security for Payment of Award (seeking an interim award directing Moonvale to place funds into escrow to preserve its assets).  *See* Goteiner Decl. at ¶ 5.

Moonvale was also specifically aware after the Arbitrator issued the corrected final arbitration award on March 24, 2017 that Petitioners would be swiftly moving to enforce the award in court.  *See* Corrected Final Award, Dkt. No. 1-2.  That arbitration award made Moonvale jointly and severally liable for $5.7 million in attorneys' fees and costs.  Petitioners respectfully submit that Moonvale cannot use California counsel to bring such a sham case abusing the California arbitration process with predictably high risk of having to pay for its arbitration conduct, and then avoid service of the Petition to Confirm by then limiting its attorney's functions to settlement discussions with Petitioners.  Irrespective of attorney Gruzman's description of his

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

5

Motion for Alternative Service

29730\5924446.3

now attenuated relationship with Moonvale, the Court should deem attorney Gruzman an agent for due process service of Petitioners' Petition to Confirm.

Second, Petitioners have also served Moonvale at its BVI location and have received a sworn declaration of service on BVI's agent, TMF Ltd, at Palm Grove House, Road Town, Tortola, British Virgin Islands on April 18, 2017.  *See* Goteiner Decl. at Ex. 4 (Affidavit of Service).  According to the BVI Financial Services Commission's Register of Companies Search Report, Moonvale Investments Limited's BVI agent is TMF Ltd and its registered office is at the above address.  *See* Goteiner Decl. at Ex. 5 (Moonvale's Register of Companies Search Report). Indeed, this is where Petitioners would serve Moonvale through the Hague Convention.

These service techniques have been recognized as sufficient under FRCP 4.  *See Rio*, *supra,* 284 F.3d at 1015 ("By all indications, court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)).  Thus, service through FRCP 4(f)(3) is "neither a 'last resort' nor 'extraordinary relief.'"  *Id.*  As such, courts have "authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email."  *Id.* at 1016.  In *Rio*, the court permitted service through:  1) an address defendant had registered in the United States for its allegedly infringing domain name, 2) an attorney who had been consulted with on the lawsuit, and 3) defendant's e-mail address.  *Id.* at 1017-18; *see also Forum Financial Grp, LLC v. President, Fellows of Harvard College*, 199 F.R.D. 22, 24 (D. Maine 2001) (defendant, an American living in Russia, could be served via an attorney who had recently accepted service on defendant's behalf in a case that also involved defendant's business dealings in Russia).

Petitioners' service to date, we respectfully submit, satisfies all requirements of reasonable notice and due process, without delaying further this matter for months under the Hague Convention service requirements.  Given the shell BVI nature of Moonvale, Petitioners should be allowed to proceed against Moonvale's alter ego before the trail turns cold and Moonvale's principals' assets are liquidated and conveyed elsewhere.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

29730\5924446.3

6
Motion for Alternative Service

The two proposed methods of service are reasonably calculated to provide Moonvale notice that Petitioners are moving to confirm an arbitration award in the arbitration that Moonvale initiated and which concluded only a few weeks earlier.  Courts have approved such methods, *see Rio*, *supra,* 284 F.3d at 1016, which no international treaty or agreement disapprove.

## CONCLUSION

The Court should order that Petitioners properly served the Petition to Confirm Final Arbitration Award, Summons, and other documents as required by Civil Local Rule 4-2 on Moonvale through its attorney, Alexander Gruzman, on April 6, 2017, and through its BVI agent, TMF Ltd, on April 18, 2017.

Dated: April 24, 2017               Respectfully submitted,

                                    FARELLA BRAUN + MARTEL LLP


                                    By: */s/ Neil Goteiner*
                                         Neil Goteiner

                                    Attorneys for Petitioners,

                                    DASTIME GROUP LIMITED and
                                    KONSTANTIN GRIGORISHIN

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400