Neil Goteiner (State Bar No. 083524)
C. Brandon Wisoff (State Bar No. 121930)
Kelly Matayoshi (State Bar No. 284596)
FARELLA BRAUN + MARTEL LLP
Russ Building, 17th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480

Attorneys for Petitioners DASTIME GROUP
LIMITED and KONSTANTIN GRIGORISHIN

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DASTIME GROUP LIMITED, a British Virgin Islands Company, and KONSTANTIN GRIGORISHIN, an individual,<br><br>Petitioners,<br><br>vs.<br><br>MOONVALE INVESTMENTS LIMITED, a British Virgin Islands Company, and PETER KIRITCHENKO, an individual,<br><br>Respondent. | Case No. 4:17-cv-01859-JSW<br><br>**DASTIME GROUP LIMITED'S AND KONSTANTIN GRIGORISHIN'S REPLY IN SUPPORT OF MOTION FOR ALTERNATIVE SERVICE OF MOONVALE INVESTMENTS LIMITED**<br><br>Date:         June 2, 2017<br>Time:        9:00 a.m.<br>Courtroom: Courtroom 5 - 2nd Floor<br>Judge: Hon. Judge Jeffrey S. White |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

29730\5962792.1

Reply in Support of Motion for Alternative Service - Case No. 4:17-cv-01859-JSW

# ARGUMENT

The response of Moonvale Investments Limited's ("Moonvale's") attorney Alexander Gruzman to Petitioners Dastime Group Limited and Konstantin Grigorishin ("Petitioners") Motion for Alternative Service further demonstrates Moonvale's gamesmanship in avoiding service.

First, Moonvale's own failure to respond, notwithstanding its clear notice of this motion, proves that it is seeking to avoid service by not appearing in this case. Petitioners served Moonvale with its Motion for Alternative Service on April 27, 2017 through its registered office in the British Virgin Islands. *See* Declaration of Neil A. Goteiner ("Goteiner Decl.") at Ex. 1 (Affidavit of Service). The Motion for Alternative Service was provided to Mary Fahie, an employee of TMF Ltd., who indicated that she was authorized by Moonvale to accept service of these documents. *Id.* Moonvale was also provided this Court's Notice of Electronic Filing, that set forth Moonvale's deadline to respond. As such, Moonvale has notice of the Petition to Confirm the Final Arbitration Award and this Motion for Alternative Service. Moonvale's failure to respond, despite already having counsel Alexander Gruzman in the United States who can do so, demonstrates that it is simply attempting to delay enforcement of the final award in an arbitration that Moonvale itself initiated here in San Francisco.

Second, Alexander Gruzman's Declaration in Response to the Motion for Alternative Service is notable in several regards and proves that Moonvale has notice of these proceedings. Although Mr. Gruzman claims that he is no longer authorized to accept service on Moonvale's behalf, he telling does <u>not deny</u> that he (1) told Moonvale about the Petition to Confirm and this Motion or Alternative Service or (2) provided Moonvale with copies of the relevant papers. This glaring omission speaks volumes, and is a good indication that Gruzman did just that. Indeed, Gruzman admits that he affirmatively sought a "courtesy" copy of the Petition to Confirm. Dkt No. 13, Declaration of Alexander Gruzman ("Gruzman Decl.") at ¶ 5. If Gruzman in fact is no longer representing Moonvale or in communication with its principals, he would not need a copy of the Petition to Confirm. Nor does Gruzman deny that following the final arbitration award he was and presumably still is authorized to engage in settlement discussions on Moonvale's behalf. It is patently unfair for Moonvale to allow Gruzman to speak on its behalf for settlement purposes

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

29730\5962792.1

1

Reply in Support of Motion for Alternative Service - Case No. 4:17-cv-01859-JSW

while at the same time forbidding him to accept service of the Petition to Confirm. That is especially true here, where it is Moonvale that (1) initiated the arbitration here in San Francisco as the claimant, (2) used Gruzman as its counsel up to the second this confirmation proceeding was filed, and now (3) has Gruzman denying any authority to accept further service only because Moonvale lost the arbitration it started and wants to avoid paying the consequences.

Petitioners have taken every reasonable step to ensure that Moonvale is aware of the Petition to Confirm and received a copy of it. Moonvale wastes Petitioners' resources and this Court's time in avoiding service. Given the BVI corporate shell structure of Moonvale, this delay prejudices Petitioners' ability to enforce and collect the substantial damages they were awarded against Moonvale.

## CONCLUSION

Moonvale clearly acts here in bad faith in an attempt to avoid service. Therefore, Petitioners ask this Court order that Petitioners properly served the Petition to Confirm Final Arbitration Award, Summons, and other documents as required by Civil Local Rule 4-2 on Moonvale through its attorney, Alexander Gruzman, on April 6, 2017, and through its BVI agent, TMF Ltd, on April 18, 2017.

Dated: May 15, 2017                             Respectfully submitted,

                                                FARELLA BRAUN + MARTEL LLP


                                                By: /s/ Neil Goteiner
                                                     Neil Goteiner

                                                Attorneys for Petitioners,

                                                DASTIME GROUP LIMITED and
                                                KONSTANTIN GRIGORISHIN

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

29730\5962792.1

2

Reply in Support of Motion for Alternative Service - Case No. 4:17-cv-01859-JSW