UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DASTIME GROUP LIMITED, et al., <br><br> Petitioners, <br><br> v. <br><br> MOONVALE INVESTMENTS LIMITED, et al., <br><br> Respondents. | Case No. 17-cv-01859-JSW <br><br> **ORDER GRANTING PETITIONERS' MOTION FOR DEFAULT JUDGMENT AGAINST MOONVALE INVESTMENTS LIMITED** <br><br> Re: Dkt. No. 44 |

Now before the Court is Petitioners' motion for default judgment as to Respondent Moonvale Investments Limited ("Moonvale"). The Court has considered Petitioners' motion, the record in this case, and the relevant legal authority, and the Court finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing currently scheduled for November 17, 2017, and GRANTS Petitioners' motion for default judgment.

**BACKGROUND**

The background of this case is more fully laid out in the Court's prior order granting Petitioners' petition to confirm an arbitration award against Respondent Peter Kiritchenko. *See Dastime Group Ltd v. Moonvale Investments Ltd.*, No. 17-cv-1859-JSW, 2017 WL 4712179 (N.D. Cal. Oct. 11, 2017). In short, Petitioners filed the instant action seeking to confirm an arbitration award which found Kiritchenko and Moonvale to be jointly and severally liable to Petitioners for $5,700,132.10 in attorney's fees. Kiritchenko appeared and filed a motion to vacate the award, which has since been denied. *See id.* at *9. Moonvale, however, has not appeared.

On May 23, 2017, the Court granted Petitioners' motion seeking authorization for alternative service on Moonvale. (Dkt. No. 23.) The Court authorized service on Moonvale via

service on (1) Mr. Aleksander Gruzman, Esq. (Moonvale's attorney at the underlying arbitration); and (2) Moonvale's registered agent. (*Id.* at 4.) Consistent with this order, Petitioners served Moonvale in May 2017. (Dkt. Nos. 24, 26.) On June 30, 2017, the Clerk entered default as to Moonvale. (Dkt. No. 36.)

**ANALYSIS**

Before assessing the merits of a motion for default judgment, a court must confirm that it has subject matter jurisdiction over the case, personal jurisdiction over the parties, and that service was sufficient. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Here, the Court has jurisdiction over this action under 9 U.S.C. § 203, as this action involves an arbitral award that falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. Further, the Court finds that it has personal jurisdiction over Moonvale (a British Virgin Islands corporation). This action seeks to confirm an arbitration award that resulted from an arbitration Moonvale itself brought in California. Further, this arbitration was brought pursuant to an agreement in which Kiritchenko (Moonvale's assignor) consented to the jurisdiction of the "state and federal courts located in California." Finally, regarding the propriety of service, the record reflects that Petitioners have served Moonvale consistent with the Court's order authorizing alternative service.

In assessing the merits of a motion for default judgment, the Court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted).

First, Petitioners will be prejudiced if default judgment is not entered as to Moonvale. As discussed in the Court's prior order, the Court is unable to enter judgment against Respondent Kiritchenko until the claim against Moonvale is resolved. *See Dastime Group*, 2017 WL 4712179, at *9. Moonvale has apparently refused to appear in this action and oppose confirmation of the arbitral award. Accordingly, without entry of default judgment, Petitioners will be denied

2

confirmation of the award.

As to the merits of Petitioners' "claim" and sufficiency of the petition, by its prior Order the Court confirmed the arbitration award as to Kiritchenko and refused to vacate that award. Based on the Court's review of the record, the underlying agreement, and the arbitration award, the Court sees no basis for refusing confirmation of the award. The record reflects that Kiritchenko entered into a valid arbitration agreement and Moonvale, as Kiritchenko's assignee, instituted the arbitration award pursuant to that agreement. Accordingly, these factors support entry of default judgment.

Fourth, while the arbitration award involves a large sum of money (over $5 million), this factor does not weigh against entry of default judgment given the nature of the action and the arbitrator's findings regarding Petitioners' entitlement to attorney's fees. *Cf. Lehman Bros Holdings, Inc. v. Bayporte Enters., Inc.*, No. 11-cv-0961, 2011 WL 61410279, at *7 (N.D. Cal. Oct. 7, 2011) ("[T]he amount must not be disproportionate to the harm alleged.").

Fifth, there is a low likelihood of any dispute as to material facts given the nature of this action and Moonvale's apparent unwillingness to appear and challenge the arbitration award. *Cf. Todd v. Shipyards Corp. v. Cunard Lines, Ltd.*, 943 F.2d 1056, 1060 (9th Cir. 1991) (noting that federal court review of arbitration decisions is "strictly limit[ed]").

Sixth, there is no indication that Moonvale's default is the result of excusable neglect. Moonvale was not only served with the summons and complaint, but also Petitioners' motion for default judgment on October 23, 2017. (Dkt. No. 45.) Despite this, Moonvale has still not appeared. *See Craigslist, Inc. v. Kerbel*, No. 11-cv-3309 EMC, 2012 WL 3166798, at *23 (N.D. Cal. Aug. 2, 2012) ("[I]t is unlikely that Defendant's default was due to excusable neglect, especially when Plaintiffs served not only the summons and complaint but also the request for entry of default on Defendant but still served no response.")

Finally, while there is a strong policy underlying the Federal Rules that cases should be decided on their merits, here Moonvale has simply refused to take part in the action. Accordingly, an adjudication on the merits as to Petitioners' claim against it is impossible.

For the following reasons, the Court finds that Petitioners are entitled to default judgment

against Moonvale and accordingly GRANTS Petitioners' motion. The Court will enter a separate judgment and the Clerk is ORDERED to close the file.

**IT IS SO ORDERED.**

Dated: November 3, 2017

_____
JEFFREY S. WHITE
United States District Judge